VAN COTT v. VAN COTT et al.    (No. 7051.)

(Supreme Court, Appellate Division, First Department.    April 16, 1915.)

1. WILLS ☞531—CONSTRUCTION—TAKING PER STIRPES OR PER CAPITA.
        Testator devised realty in trust to pay the income to his widow for life, and out of the net income to pay an annuity, and the whole of the income to the widow after the death of the annuitant, and in trust on the death of the widow to sell it and distribute it in equal shares to each

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of his seven grandchildren, two sons of a daughter, one daughter of a son, and three sons of a deceased daughter, "and to their survivors at the time of the decease of my said wife per stirpes and not per capita, and to the issue of such of my grandchildren·as shall have died before, the decease of my said wife, per stirpes and not per capita." The annuitant, and a granddaughter dying without issue, predeceased the widow, so that the term "and to the issue," etc., related to a contingency which had not arisen and could never arise. Other provisions of the will indicated an intention to treat all the grandchildren equally. *Held*, that the words "per stirpes and not per capita," used after the phrase "and to their survivors at the time of the decease of my said wife," were nugatory, and that each of the six surviving grandchildren was entitled to one equal share of the proceeds of the sale; and that plaintiffs, grandchildren, were not entitled to a division of their deceased sister's share, to the exclusion of their cousins.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1143, 1144, 1148–1152; Dec. Dig. &#9901;&#8594;531.]

2. TRUSTS &#9901;&#8594;191—TESTAMENTARY TRUST—POWER OF SALE—TERMINATION BY AGREEMENT.

In such case, and under Real Property Law (Consol. Laws, c. 50) § 96, declaring that an express trust may be created to receive the rents and profits for the use of any person during such person's life or for a shorter term, and section 97, declaring that a devise to an executor or trustee for sale, without power to receive the income, shall vest no estate in him, but be valid only as a power, and that the real property shall pass to the devisees of the testator subject to the execution of the power, the trustee, after the death of the life tenant, had only a power of sale which might be terminated by agreement of the devisees electing to take the realty, and was accountable for the net rents then in its hands as trustee to be distributed among the grandchildren in equal shares.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 243; Dec. Dig. &#9901;&#8594;191.]

Action by Elbert Van Cott against Mortimer Van Cott, Jr., and others. Submission of controversy upon agreed statement of facts. Judgment directed in accordance with opinion.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Arthur M. Johnson, of Mt. Vernon, for plaintiff and for defendant Mortimer Van Cott, Jr.

William T. Matthies, of New York City, for defendant Harold C. Lyons.

Robert W. Candler, of New York City, for defendant Empire Trust Co.

Francis A. Winslow, of New York City, for defendants Alma B. L. Slater and others.

DOWLING, J. The question involved in this submitted controversy is the construction to be given to certain provisions of the will of Jacob Weeks Cornwell, deceased. The particular paragraph of the will involved is the third, which reads as follows:

"Third. I give and devise to my executors hereinafter named, and to their survivor and successors, the lots of land and buildings thereon erected, known by the present street numbers 313 and 315 Bowery, and numbers 5 and 7 Extra Place in the city of New York, in trust nevertheless, to have, hold and receive, and the same from time to time to rent and collect and receive the

rents and income thereof, during the life of my wife Cornelia E. Cornwell; and, after expending out of such rents and income such amounts as they may deem necessary to keep the said premises in good repair and order and properly insured against loss or damage by fire and after also paying out of the said rents and income all such other charges and expenses as shall be proper and all taxes, water rates and assessments on the said premises, then to pay out of the said rents and net income to Margaret Powell, now residing at No. 60 West 132d street in the city of New York, the sum of one thousand dollars annually in equal monthly payments on the first day of each month, and to pay the balance of the said rents and net income as collected from time to time to my said wife during her life; and to pay the whole of the said net rents and income to her after the decease of the said Margaret Powell in case she shall die before the decease of my said wife; and upon the further trust upon the death of my said wife to sell the said real properties at public auction or private sale, and good and sufficient deeds of conveyance therefor to make, execute and deliver, and the proceeds of the said sale to receive and to divide into equal shares and to pay over one of said shares to each of my grandchildren, Isabella Virginia Van Cott, Mortimer Van Cott, Junior, and Elbert Van Cott (children of my daughter Ida A. Van Cott), Mildred D. Cornwell (daughter of my son Millard Filmore Cornwell), Alma B. Lyons, Harold Lyons and Cornwell Lyons (children of my deceased daugh-ter, Clara Louise Lyons), and to their survivors at the time of the decease of my said wife per stirpes and not per capita, and to the issue of such of my said grandchildren as shall have died before the decease of my said wife per stirpes and not per capita, and so that the issue of each deceased grandchild of mine, living at the time of the death of my said wife, shall take the part or share which his, her or their parent would have been entitled to if then living. And upon the further trust nevertheless in case said Margaret Powell shall survive my said wife, to take out of the said proceeds of sale before any division is made a sufficient sum to produce an annual net income of one thousand dollars and then to divide and pay over only the remaining part of the said proceeds of sale as hereinabove directed and to invest and from time to time to reinvest and keep invested during the life of said Margaret Powell the said fund so taken out of the said proceeds of sale and the interest and in-come thereof to collect and receive and the net interest and income thereof in equal monthly installments to apply to the use and pay over to said Mar-garet Powell during her life and upon her death to divide the principal of said fund and pay over the same to the same persons and in the same shares as they would have been entitled to receive the whole net proceeds of the said sale of the said real properties if said Margaret Powell had not survived my said wife and if my said wife had died at the date of the death of the said Margaret Powell as hereinabove particularly mentioned and set forth."

Jacob Weeks Cornwell, the testator, died November 5, 1898. The will was admitted to probate by the surrogate of New York county, January 31, 1899. Charles H. Ostrander and Michael J. Collins, the executors and trustees named in the will, and who qualified thereunder, died respectively January 20, 1905, and July 13, 1908; the trust created by said third paragraph still being unexecuted. Thereupon, on July 31, 1908, by an order of the Supreme Court, New York County, the Windsor Trust Company was appointed to execute the unexecuted trust, and thereafter the said trust company became merged in, and was succeeded by, the Empire Trust Company, which succeeded to all the rights and duties of the Windsor Trust Company. The annuitant, Margaret E. Powell, having died, the life beneficiary, Cornelia E. Corn-well, also departed this life May 17, 1904. Meantime, and in the year 1899, Isabella Virginia Van Cott, one of the grandchildren of the tes-tator referred to in the said third paragraph of his will, died without issue.

[1] The first question presented for consideration is the respective shares which the testator's grandchildren are entitled to receive under the will. There can be no question as to the method of distribution under the first direction to the executors, which was to sell the real estate and divide the proceeds into equal shares and pay over one of said shares to each of the testator's grandchildren. This would call for a division of the proceeds into seven shares, whereof each grandchild was to receive one. But uncertainty has been caused by the addition of the remaining part of the paragraph, reading:

"And to their survivors at the time of the decease of my said wife per stirpes and not per capita, and to the issue of such of my said grandchildren as shall have died before the decease of my said wife per stirpes and not per capita, and so that the issue of each deceased grandchild of mine, living at the time of the death of my said wife, shall take the part or share which his, her or their parent would have been entitled to if then living."

The second part of this provision, beginning with the words, "and to the issue," relates to a contingency which has not arisen and which cannot now arise. That is, to the death of a grandchild with issue, before the death of the testator's wife. The only one of the grandchildren who died before the death of the testator's wife was Isabella V. Van Cott, who died without issue, so that this provision has no application. But it is contended that the words preceding this provision, "and to their survivors at the time of the decease of my said wife per stirpes and not per capita," indicated an intention upon the part of the testator that the division should be per stirpes, and that therefore the proceeds of sale of the real estate should be divided into three parts, whereof Mortimer Van Cott, Jr., and Elbert Van Cott, as surviving children of the testator's daughter Ida A. Van Cott, should take one share; Mildred D. Cornwell, as daughter of the testator's son Millard Filmore Cornwell, should take a second share; and Alma B. Lyons, Harold Lyons, and Cornwell Lyons, children of testator's deceased daughter Clara Louise Lyons, should take the third share. Not only is this in direct opposition to the explicit language of the testator, which required his executors to divide the proceeds of sale into equal shares, and pay over one of said shares to each of his grandchildren, but it is in direct opposition to the entire plan of testator's will and his intention as disclosed thereby, which was to put his grandchildren upon a plane of perfect equality as participants in his bounty, and to treat them alike in the distribution of his estate. ·

Thus each of his grandchildren receives a legacy of $1,000, there being a separately numbered paragraph of the will (from the sixth to the twelfth, inclusive) devoted to each of said grandchildren; and to each of them he left, in addition to such legacy in money, a specific legacy of either silver or jewelry. or a sum of money, $200 in each case, as a substitute for such specific legacy. And where to one grandson, Cornwell Lyons, he left his largest solitaire diamond stud, convertible into a ring or pin, he expressed as a reason for so doing, and for giving him what was evidently the most valuable specific legacy, the fact that such grandson was named after the testator.

Reading the third paragraph of the will in conjunction with the rest of it, and having in mind the testator's expressed purpose of preserv-

ing equality among his grandchildren, the words "per stirpes and not per capita," used after the phrase "and to their survivors at the time of the decease of my said wife," must be treated as meaningless and nugatory, and as inserted by inadvertence.  In what manner these words came to be inserted, and whether by confusion with the following provision, cannot be determined; but it is quite certain that the equal treatment of all his grandchildren, which the testator evidently intended to effect, cannot be preserved if these words are to be given any force.  For the same reason, based on testator's expressed purpose to effect equality among his grandchildren, the contention of the plaintiff and his brother cannot be sustained that the share of their sister Isabella Virginia Van Cott should be divided between them as the surviving children of Ida A. Van Cott, to the exclusion of their cousins.  This contention is based on the claim that the words "per stirpes and not per capita," when first used, applied to the survivors of each class at the time of the decease of testator's wife, and, as they are the sole surviving children of Ida Van Cott, the division of her share should be per stirpes and they should receive it.  Not only does this transgress the testator's desire for equality among his grandchildren, but it is obvious that the scrivener of the will could have had no such intention in using the words "per stirpes," for such language would have had no application in the case of the share left to Mildred D. Cornwell, who was the sole child of Millard Filmore Corwell.  It seems therefore that the sole method of carrying out the testator's expressed desire is to construe the will so as to hold that, had all the grandchildren survived the testator's widow, they would each have received one-seventh of the proceeds of sale; but, as one of them predeceased the widow, each of the surviving grandchildren is entitled to one-sixth thereof.

[2] The second question raised is whether title to the real estate in question is in the trustee, or whether such title terminated at the death of the life tenant, and all that remained in the trustee was a power of sale, which might be terminated by the beneficiaries through joint action.  We deem the second contention the correct one.  During the time of the life tenant, the legal title to the fee was in the trustee, which was authorized under the will during that period to collect and receive the rents and income thereof.  After the death of the life tenant, no further power was granted to the trustee to collect the rents; but it was simply given a power to sell.  All that the trustee then had, therefore, was a power, and the real estate passed to the devisees of the testator subject to the execution of the power.  Sections 96 and 97, Real Property Law; chapter 52, Laws of 1909.

It follows therefore that the power of sale may be terminated by the united action of the beneficiaries, the six remaining grandchildren of the testator, in electing to take such real property as real estate and to terminate the power of sale.  The trustee should also be directed to account for the net rents now in its hands as such trustee, and to distribute the same among the six surviving grandchildren of the testator in equal shares.  It is suggested by the trustee (though the facts upon which any finding can be based are not included in the submission) that there are questions undetermined respecting, first, the possible imposi-

tion of a transfer tax; second, the lien of a mortgage upon the property made by the trustee under order of the court; third, the amount of compensation or commissions to the trustee. The determination of the controversy now submitted is without prejudice to these questions, which are reserved for subsequent determination.

Judgment is directed in accordance with the foregoing conclusions, without costs to any of the parties. Settle order on notice. All concur.