In the Matter of the Accounting of CAROLINE M. TAMARGO, as Administratrix with the Will Annexed of GERTRUDE VOSSELER, Deceased, Appellant.

JOSEPH MANKE et al., Appellants; ANNIE MILLER et al., Respondents.

Will — construction — when purpose of testatrix is apparent and clearly expressed it must be enforced even though a legacy given by her should lapse — where the gift of a residuary estate to four named persons is absolute, and one of such persons was dead at the time the will was made, the legacy to that person lapses and testatrix died intestate as to the same.

1. The fact that an event happened, prior or subsequent to the making of a will, which, as the will may indicate or disclose, was unknown or unforeseen and unprovided against by the testator, cannot affect the meaning of the language used. When the purpose of a testator is reasonably clear by reading his words in their natural and common sense, the courts have not the right to annul or pervert that purpose upon the ground that a consequence of it might not have been thought of or intended by him.

2. The rule, that a legacy or devise will lapse when the legatee or devisee dies before the testator, operates when the legatee or devisee is dead when the will is made. The rule that the legal intendment is that intestacy in part was not intended by a testator, and is to be avoided in construing the will, is entitled to no recognition where the enforcement of the plain or paramount meaning of the language of the will would affect intestacy.

3. Where testatrix gave by formal and direct language the residue of her estate to four designated persons, "their heirs and assigns, to have and to hold for their own use, benefit and behoof forever, share and share alike *per stirpes* and not *per capita*," the use of the word "assigns" makes it clear that the gift was absolute and not alternative. The clear and indubitable meaning of the language of testatrix is that she gave the residue absolutely to the four named persons, "share and share alike." The following words, "*per stirpes* and not *per capita*," do not affect this certainty of meaning and evince that the testatrix meant by them that the gifts

15

should be substitutional. It follows, therefore, that the gift of the residuary estate of testatrix to the four persons named was absolute, and where one of such persons, who was not a descendant or brother or sister of the testator (Decedent Estate Law, § 29; Cons. Laws, ch. 13, amd. L. 1912, ch. 384) died before the will of testatrix was executed the legacy to that person lapsed and testatrix died intestate as to such bequest.

*Matter of Tamargo,* 170 App. Div. 10, reversed.

(Argued January 23, 1917; decided February 27, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 29, 1915, which reversed so much of a decree of the New York County Surrogate's Court settling the accounts of the administratrix herein as decreed that a bequest and devise of one-fourth of the residuary estate lapsed and that the next of kin and heirs at law of the testatrix take such interest as intestate property.

The facts, so far as material, are stated in the opinion.

*Arthur Butler Graham* for administratrix, appellant.

*Benjamin E. Messler* and *Morris Grossman* for Joseph Manke et al., appellants. The attempted gift to Mrs. Helbig lapsed upon her death prior to the testatrix, and the words "*per stirpes* and not *per capita*" appearing at the end of the 3d paragraph of the will, are not sufficient to prevent such lapse or to create a gift to her heirs. (*Matter of Wells,* 113 N. Y. 396; *Matter of Hoffman,* 201 N. Y. 247; *Beekman* v. *Bonsor,* 23 N. Y. 398; *Kerr* v. *Dougherty,* 79 N. Y. 327; *Booth* v. *Baptist Church,* 126 N. Y. 215; *Morton* v. *Woodbury,* 153 N. Y. 243; *Hard* v. *Ashley,* 117 N. Y. 606; *Herzog* v. *Title G. & T. Co.,* 177 N. Y. 86; *Roberts* v. *Bosworth,* 107 App. Div. 511; *Matter of Woolley,* 78 App. Div. 224; *Matter of Hawley,* 76 Misc. Rep. 81; *Langley* v. *Westchester Trust Co.,* 39 Misc. Rep. 735; *Matter of Sinnot,* 82 Misc. Rep. 219.)

*Elihu Root, Jr.,* and *Silas W. Howland* for Annie Miller et al., respondents. The words "*per stirpes* and not *per capita*" should not be rejected as mere surplusage if any force or effect consistent with the remainder of the will can be assigned to these words. (*Norris* v. *Beyer*, 13 N. Y. 273.) A perfectly rational meaning entirely consistent with the remainder of the will can be assigned to the phrase "*per stirpes* and not *per capita*" as used by the testatrix. (*Dick* v. *Lacy*, 8 Beav. 214; *Pearson* v. *Stephen*, 5 Bligh [N. S.], 203.)

*J. Robert Rubin* for William Bourdet, respondent. The testatrix intended that the heirs of Mrs. Helbig should take by substitution the share devised and bequeathed to her. (*Whitmore* v. *Peck*, 66 How. Pr. 254; *Schult* v. *Moll*, 132 N. Y. 122; *Tyndell* v. *Fleming*, 123 App. Div. 83; *Terry* v. *Wiggins*, 47 N. Y. 512; Page on Wills, § 552; *Dick* v. *Lacy*, 8 Beav. 214; *Pearson* v. *Stephen*, 5 Bligh [N. S.], 203.)

COLLIN, J. A provision of the will of Gertrude Vosseler gives rise to the question presented by this appeal. The provision is: " *Third.* I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, of whatever name or kind, and wheresoever the same may be or is situated, which I now own, am seized or possessed or otherwise interested in or which I may at any time hereafter acquire and be interested in unto the following named persons, viz.: My brother-in-law Jacob Vosseler, my niece Lena Damarco née Meixmer, my sister-in-law Mrs. Helbusch née Vosseler, and my sister-in-law Mary Vosseler, the two last named being residents now or late of the City of New Orleans, La., their heirs and assigns, to have and to hold the same for their own use, benefit and behoof forever, share and share alike, per stirpes and not per capita." The testatrix died March 27, 1911. The person named in the will as

" Mrs. Helbusch née Vosseler " died intestate in 1905. The appellants (except the administratrix with the will annexed) are heirs at law and next of kin of the testatrix; the respondents are of the same relation to Mrs. Helbusch, or, correctly designated, Anna V. C. Helbig. Mrs. Helbig was neither a descendant nor a sister of the testatrix; therefore section 29 of the Decedent Estate Law (Cons. Laws, ch. 13, amd. L. 1912, ch. 384) has no application here. The question is, did the gift to Mrs. Helbig lapse by reason of her death prior to that of the testatrix, or was it a substitutional or alternative gift. If it lapsed the appellants must succeed. In such event the gift did not become a part of the residuary estate and pass therewith to the surviving residuary donees. (*Matter of Hoffman,* 201 N. Y. 247.)

We are to determine from the will the meaning of the language of the paragraph " third." The language expresses and directs, we must assume, the disposition the testatrix intended and desired. If it in its reasonable, ordinary and usual meaning, without the aid of rules of construction, expresses and effects a disposition, our duty and labors end in declaring that disposition. If it creates and supports reasonable meanings of approximately equal dignity and persuasiveness, those rules may be looked to as guides, formulated through extended periods of observation, experience and study, to correct conclusions. The fact that an event happened, prior or subsequent to the making of the will, which, as the will may indicate or disclose, was unknown or unforeseen and unprovided against by the testatrix, cannot affect the meaning of the language used. When the purpose of a testator is reasonably clear by reading his words in their natural and common sense, the courts have not the right to annul or pervert that purpose upon the ground that a consequence of it might not have been thought of or intended by him. (*Anderson* v. *Bean,* 220 Mass. 360, 363; *Sanger* v. *Bourke,* 209 Mass. 481.)

1917.]              Opinion, per COLLIN, J.              [220 N. Y.]

The testatrix in the present case gave by formal and direct language the residue of her estate "unto the following named persons, viz.:" Jacob Vosseler, Lena Damarco, Mrs. Helbig and Mary Vosseler. She named them and to them alone, by her language, she gave. The disposition, in the first instance, is expressly and exclusively to them. The subsequent language does not modify it or make it less absolute. The next following words are: " their heirs and assigns, to have and to hold the same for their own use, benefit and behoof forever." She did not say " or their heirs and assigns " or even " and their heirs and assigns." In the natural and ordinary meaning of words, a substitutional or alternative gift is expressed by the disjunctive " or " or by " and " justifiably, under its context, construed to mean " or; " in the absence of the disjunctive, the word "heirs" or the words "heirs and assigns" are words of limitation and not of purchase and the gift is absolute. (*Gittings* v. *M'Dermott*, 2 Myl. & K. 69; *Wright* v. *Trustees M. E. Church*, Hoffman's Ch. 202; *Keniston* v. *Adams*, 80 Me. 290; *Kimball* v. *Story*, 108 Mass. 382; *Gilmor's Estate*, 154 Penn. St. 523.)

The use of the word " assigns " makes it clear that the gift was absolute and not alternative. (*Kendall* v. *Clapp*, 163 Mass. 69; *McKiernan* v. *Beardslee*, 72 N. J. Eq. 283; *Jackson, Executor*, v. *Alsop*, 67 Conn. 249; *Keniston* v. *Adams*, 80 Me. 290; *Kimball* v. *Story*, 108 Mass. 382.) In the *Keniston* case, Chief Justice PETERS, writing for the unanimous court, said: " The language here is to assigns as well as to heirs, and the power of assigning implies an absolute title. (Citing authorities.) Even where the gift is to specified persons, ' or their heirs or assigns,' it is clear that the words are words of limitation only. No cases are found which maintain a different doctrine." (Citing authorities.) In the *Jackson, Executor*, case, the court said: " Where the word ' assigns ' is added to the word ' heirs,' it is almost impossi-

ble to read the whole phrase otherwise than as words of limitation, and not as intended to create an estate in any other person." (Citing authorities.) In the *Kimball* case the court said: "When the words 'assigns' is also used, any other construction (than as taking by representation only) would make the bequest inconsistent and uncertain, inasmuch as 'assigns' could only be those to whom the legatee had conveyed in his lifetime."

The words "their heirs and assigns, to have and to hold the same for their own use, benefit and behoof forever" are the usual technical words of conveyance granting a title in fee simple. At common law they were essential to the conveyance. They are unnecessary for that or any purpose, by force of the statute, but when used in wills or deeds such is their meaning. They are merely words of limitation used to describe the nature of the estate given to the beneficiary, and not to express an intention that a lapse should be avoided by the substitution of the heirs in place of the predeceased devisee or legatee. (*Van Beuren* v. *Dash*, 30 N. Y. 393; *Matter of Wells*, 113 N. Y. 396; *Thurber* v. *Chambers*, 66 N. Y. 42; *Kendall* v. *Clapp*, 163 Mass. 69; *Farnsworth* v. *Whiting*, 102 Me. 296; *Loveren, Administrator*, v. *Donaldson*, 69 N. H. 639; *Horton* v. *Earle*, 162 Mass. 448.)

Next following are the words "share and share alike --" words which are necessarily inapplicable and incorrect in case "their heirs and assigns" are substituted legatees and devisees, but are strictly consistent with the absolute gift of the residue to the four named persons.

Thus far the certainty of the meaning of the language of the paragraph is not disturbed or shadowed. The meaning clearly and indubitably is that the testatrix gave the residue absolutely to the four named persons, share and share alike. Next following are the words, "*per stirpes* and not *per capita*," which have brought the case to this court and which the respondents urge shatter

this certainty of meaning and evince that the testatrix meant by them that the gifts should be substitutional. They fall far short of such effect. They are technical Latin words and their context and place, following immediately upon the words "share and share alike," forcefully indicate that neither the scrivener nor the testatrix knew their true legal significance. They are inapplicable to the word "assigns." They are in the habendum clause, the function of which is, not to bequeath or devise, but to define the title and tenure of the legatee or devisee constituted such by the direct words of gift. While a court may transpose a phrase of a will, as the Appellate Division has undertaken in this case, there must be something in the will which makes it clear and certain that the meaning and expressed intention of the testatrix necessitate the transposition. The transposition may not be made for the purpose of creating an intention. Courts have no power to create a testamentary disposition which is neither expressed nor necessary to be implied. (*Dreyer* v. *Reisman*, 202 N. Y. 476.) Here the gift is to four named persons. Inapplicable and useless though it be, the habendum clause must be restricted to its usual and ancient office (*Zabriskie* v. *Huyler*, 62 N. J. Eq. 697), or, inasmuch as the intent of the testatrix has been by other words clearly manifested, it may, and probably should, be wholly disregarded as meaningless and nugatory, and as inserted by inadvertence or ignorance. (*Van Cott* v. *Van Cott*, 167 App. Div. 694; affirmed without opinion, 219 N. Y. 673.) To sustain the claim here of the respondents would require a disregard of the specificness of the gift "unto the following named persons, viz.;" the insertion of the word "or" immediately preceding the words "their heirs;" the erasure of the word "assigns" and the insertion in the place thereof of the words "next of kin;" the transposition of the words "*per stirpes* and not *per capita*" to immediately follow the words "next of kin;" and the doubtful application

of the words "share and share alike." This would be not to construe the will, but to construct it.

The rule of law is familiar that a legacy or devise will lapse when the legatee or devisee dies before the testator. The rule operates where the legatee or devisee is dead when the will is made. The rule, that the legal intendment is that intestacy in part was not intended by a testator and is to be avoided in construing the will, is entitled to no recognition where the enforcement of the plain or paramount meaning of the language of the will would effect intestacy. (*Matter of Disney*, 190 N. Y. 128; *English's Estate*, 242 Penn. St. 545.)

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court reinstated and affirmed, with separate bills of costs in the Appellate Division and this court to appellants appearing separately and filing briefs, payable out of the estate.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO and CRANE, JJ., concur; CHASE and HOGAN, JJ., dissent on opinion of LAUGHLIN, J., below.

· Ordered accordingly.