In the Matter of the Probate of the Last Will and Testament of MARY ALICE SWEENEY, Deceased.

Surrogate's Court, Bronx County. April, 1923.

**Wills — construction — when gift absolute — precatory provision.**

In the first of two instruments probated as a last will and testament the testatrix devised and bequeathed all of her property to her sister. The second instrument executed more than six months after the first provided: " Should the 5.000 bond remain intact at Her Death and Should the Following beneficiaries remain kind to her I would like Her to dispose of things as follows after paying off all funeral & Dr. Bills and Church bills &c Sister M. of the Assumption Catherine A O Brien Mary J. Kennard a little money as remembrance for Their Kindness to Me Mary McCoy Loretta McDermott Helen Gonzales. Remainder to be divided evenly amongst My remaining Nephews & Nieces." The persons named were the same ones whose names appeared in the will of the sister of testatrix.\* *Held,* that the language of the will of the testatrix herein was sufficient to show an intent to bequeath all her money, household effects, jewelry and her interest in the bond and mortgage to her sister absolutely.

The words " I would like her to dispose of things as follows " are clearly precatory and to give them any other effect would require a breach of firmly established rules of construction.

PROBATE proceeding.

*Edward J. Walsh,* for petitioner.

*Thomas A. McGrath,* for respondents.

SCHULZ, S. In this matter the court is asked to construe the last will and testament of the decedent, who was the sister of Delia T. Sweeney, in the matter of whose will an opinion is filed simultaneously herewith. She also left two testamentary instruments which were proved as her last will and testament, one dated March 4, 1921, by which she devised and bequeathed all of her property to her sister, Delia, and the other dated October 26, 1921.

In the later instrument I construe the language used to be sufficient to show an intent to bequeath the money, household effects, jewelry and the decedent's interest in the $5,000 bond and mortgage mentioned to her sister, absolutely, unless the provision which follows in some way limits the same.

The language of this provision, so far as material, is as follows: " Should the 5.000 bond remain intact at Her Death and Should the Following beneficiaries remain kind to her I would like Her to dispose of things as follows after paying off all funeral & Dr. Bills and Church bills &c Sister M. of the Assumption Catherine A O Brien Mary J. Kennard a little money as remembrance for Their

---

\* See *Matter of Delia T. Sweeney,* immediately *ante.*

Kindness to Me Mary McCoy Loretta McDermott Helen Gonzales. Remainder to be divided evenly amongst My remaining Nephews & Nieces."

It will be observed that the persons named are the same ones whose names appear in the will of Delia T. Sweeney, but the provisions with regard to them are different. They are to take effect, if at all, only if the persons mentioned " remain kind to her," as to which it must be assumed she was to be the judge; in the present instrument there seems to be no specific disposition of the bond in question if it remained " intact," and the provision for three of the people named is not a fixed sum as it was in the other will but " a little money " showing that the amount was to be in the discretion of the sister. Again, the words " I would like *her* to dispose of things as follows " do not appear in the other will and clearly show the expression of a wish that the disposition suggested be made by her sister and negatives the conclusion that she intended to make such disposition herself by the instrument in question.

While intent must be given effect and words may be changed or transposed to effectuate an intent when once ascertained, where the language of a document is clear and definite the court should not, in an attempt to give an assumed intent of a testatrix effect, ignore the language used. Its function is to interpret and construe the wills of decedents, not to write them. *Matter of Tamargo*, 220 N. Y. 225, 228.

The two documents constituting the will of this decedent do not bear the same dates as do those executed by her sister, and there are no circumstances to assist in the construction except the documents themselves. It may be that the intent of both sisters was the same, but there is nothing which makes that conclusion imperative. The words added to the provision in favor of her sister, in the present case, are clearly precatory, and to give them any other effect would require a breach of rules of construction now firmly established.

I shall construe the documents in question as bequeathing all of the property of the decedent to her sister, Delia T. Sweeney, absolutely, coupled with the expression of a wish that under the conditions therein named she make the disposition stated. If her said sister died before the death of the testatrix and left no one surviving who may take by representation, the said legacy lapsed.

Costs in favor of the proponent and the respondent, payable out of the estate. Settle decision and decree accordingly.

Decreed accordingly.