In the Matter of the Accounting of LOUIS P. SNYDER et al., as Surviving Executors and Trustees under the Will of ELISABETH CAMPBELL, Deceased, and of SANFORD CHAFEE, as Administrator of the Estate of CARL F. HOFFERBERTH, Deceased Executor of ELISABETH CAMPBELL, Deceased. NEW ROCHELLE HOSPITAL et al., Appellants; MORRIS GUTT, Special Guardian of CARL F. HOFFERBERTH, JR., and Another, Infants, et al., Respondents.— In a proceeding for the settlement of the accounts of surviving executors and trustees, three charitable corporations appeal from the decree of the Surrogate's Court, Westchester County, which construed the will of the deceased. Decree affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Wenzel, MacCrate and Schmidt, JJ., concur; Nolan, P. J., and Adel, J., dissent and vote to reverse, with the following memorandum: We accept the conclusion that the will of Elisabeth Campbell created a vested remainder in her nephew, Carl Hofferberth, which was subject to being divested only on the occurrence of the precise contingency provided in the will. It is our opinion, however, that the contingency provided by the plain language of the will has occurred and that the remainder has been divested. When the language of a will is not clear, or when its meaning and intent are doubtful, the courts will not favor

an interpretation which revokes a devise once given, or divests a remainder once vested. There is no room, however, for the application of rules of construction, unless the language used is ambiguous or doubtful (*Matter of Watson*, 262 N. Y. 284; *Matter of Battell*, 286 N. Y. 97), and it is only when the language used is reasonably capable of more than one interpretation, when read in its natural and common sense, that such rules may be resorted to as guides to correct conclusions. (*Matter of Tamargo*, 220 N. Y. 225.) Here the intent of the testatrix is perfectly plain. The duration of the trust created by the will was to be measured by the lives of decedent's cousin and sister, with a remainder vested in her nephew, to be divested, however, if he should fail to survive the cousin and the sister. The trust was to come to an end " Upon the death of my cousin * * * and of my sister ". The nephew's estate was to be divested and divided among appellants if he " should die before the death of my sister * * * and my cousin ". There is no indication in the will that the testatrix was concerned with providing for her nephew's children if he should predecease either the cousin or the sister. Every indication is to the contrary. Carl Hofferberth, the nephew, survived the cousin, but failed to survive decedent's sister. On his death the contingency provided by the will occurred, and appellants are consequently entitled to the corpus of the trust in accordance with the provisions of the will.