In the Matter of the Accounting of ETHEL M. HEREFORD, as Executrix of EVELYN E. KELLING, Deceased.

Surrogate's Court, Richmond County, December 29, 1954.

*Ernest M. Garbe* for executrix.

*Carl D. Isaacs,* special guardian for Barbara Brennan and others, infants.

BOYLAN, S. In this accounting proceeding, the executrix has requested the court to construe paragraph 2 of decedent's will to determine what interest, if any, the issue of decedent's daughters have in the estate.

The testatrix, by the said second paragraph of her will, gave the residuary estate to her two daughters, Evelyne Kelling and Joan Kelling " and their issue equally share and share alike, to their own use, benefit and behoof, absolutely and forever."

At the time the will was executed, the daughters were unmarried. When decedent died, her daughters were living and were married. One of them had two children and the other had one.

In *Matter of Tamargo* (220 N. Y. 225, 227) the testatrix gave her estate to four designated persons " their heirs and assigns, to have and to hold the same for their own use, benefit and behoof forever ". The court held that the words " heirs and assigns " were words of limitation and not of purchase, and the gift to the four persons named was absolute.

In *Matter of Barrett* (141 Misc. 637, 638) the decedent gave the remaining half of his estate to the daughter-in-law of his deceased wife " and her heirs forever ". The court held that the words " and her heirs forever " were words of limitation and not words of purchase or substitution, so that the legacy and devise to the daughter-in-law were absolute.

In *Matter of Fellman* (99 N. Y. S. 2d 259) the testator gave his residuary estate to his three brothers and his two sisters " and to their heirs and assigns, absolutely, in equal shares, per stirpes and not per capita." (P. 259.) Surrogate FOLEY held that the quoted language clearly indicated that the gift of the shares of the residue was intended to be absolute, and that the words " and to their heirs and assigns " were words of limitation and not substitution.

The court, in construing this will, cannot appreciate any difference between the phrase " and their issue " and " and to their heirs ". The words " and their issue " as used by the testatrix are words of limitation and not of purchase or substitution. (*Matter of Tamargo,* 220 N. Y. 225, *supra*; *Matter of Barrett,* 141 Misc. 637, *supra*; *Matter of Fellman, supra.*)

The court holds that the two daughters take the entire residuary estate to the exclusion of the grandchildren.

Submit decree on notice construing the will in accordance herewith and settling the account.