John 0. Boylan, S.
In this accounting proceeding the Chase Manhattan Bank as trustee under subdivision (1) of the twelfth paragraph of the last will and testament of Elmer T. Butler has requested the court to construe the provisions of said paragraph and determine to what person or persons the principal of the trust is distributable.
*894 Paragraph twelfth of said will directs ‘ ‘ All the rest, residue and remainder of my estate and property, real and personal, of whatsoever kind, name or nature, and wheresoever situate, and whether acquired before or after the execution of this Will, and including all lapsed legacies and devises, and any part of my estate which may not have been effectually devised and bequeathed * * * I hereby direct my executors to divide into twenty-one (21) equal parts or shares, and I hereby make the following disposition of the same: (1) I give, devise and bequeath one of said equal parts or shares to my Trustees hereinafter named, their successor or successors, in trust nevertheless upon the trusts, terms and conditions and to and for the uses, objects and purposes following: To invest and reinvest and keep the same invested, and to collect the rents, income, issues and profits therefrom and, after payment and deduction there-out of all taxes and other charges and the expenses of management, to pay the net income thereof in quarterly instalments to my nephew, EDWARD N". BENNITT, son of my deceased sister, THOMASETTA, so long as he shall live, and upon the death of the said Edward N. Bennitt, I give, devise and bequeath the said part or share to my nephew, George E. Bennit, brother of said Edward N. Bennit, to have and to hold the same for his own use and benefit forever. ’ ’
Subdivisions (2), (3) and (4) of paragraph twelfth devised and bequeathed 1 equal share of the 21 shares to each of specifically named persons in those subdivisions.
Subdivision (5) provided for the disposition of the remaining 17 shares to designated persons therein mentioned, and then the decedent made the following provision in the next paragraph:
“ Provided, however, that should any of my said nieces and nephews hereinabove in Subdivision (5) of Paragraph twelfth of this my Will mentioned and named, predecease me, leaving lawful issue him or her surviving, I give, devise and bequeath the part or share to which said nephew or niece would be entitled hereunder, if living to the then living issue of such nephew and niece so dying, share and share alike, per stirpes and not per capita. Provided further, that should any of my said nieces or nephews predecease me, leaving no lawful issue him or her surviving, I give, devise and bequeath his or her share to the surviving brothers and sisters of said niece or nephew so dying and to the issue of any deceased brothers and sisters of such nephew or niece equally, per stirpes and not per capita, to have and to hold the same absolutely and forever.”
Getirge E. Bennitt, the remainderman, named in the trust under subdivision (1) of paragraph twelfth died on May 23, *895 1940. He predeceased the decedent herein by about two months. Edward N. Bennitt, the life beneficiary of the trust, died on October 26, 1956.
The remainderman named in subdivision (1) was a nephew and having predeceased the decedent the gift to him lapsed. This proposition is clearly set forth in the Matter of Tamargo (220 N. Y. 225, 232) wherein the court said, “ The rule of law is familiar that a legacy or devise will lapse when the legatee or devisee dies before the testator.” The Legislature has provided for certain exceptions to this rule by section 29 of the Decedent Estate Law, however the remainderman herein does not fall within any of the exceptions.
The question to be decided is whether there is a provision in the will which disposes of the lapsed gift, namely the corpus of the trust set up in subdivision (1) of paragraph twelfth or whether the trust fund is distributable as intestate property.
The preamble of paragraph twelfth disposed of the decedent’s residuary estate which included, “ all lapsed legacies and devises, and any part of my estate which may not have been effectually devised and bequeathed ” and then directed that the residuary was to be divided into 21 equal parts or shares. The court is of the opinion that the reference to lapsed legacies is directed to the disposition of decedent’s estate contained in paragraphs third to eleventh of said will and does not govern the disposition of a lapsed legacy or devise originating in and forming a part of the residuary estate. (Matter of Astor, 5 Misc 2d 722; Matter of Horner, 82 N. Y. S. 2d 491; Wright v. Wright, 225 N. Y. 329.)
In Beekman v. Bonsor (23 N. Y. 298, 312) the court said: “ 1 It seems clear on the authorities that a part of the residue of which the disposition fails will not accrue in augmentation of the remaining parts as a residue of a residue; but instead of resuming the nature of residue, devolves as undisposed of.’ ”
In Kerr v. Dougherty (79 N. Y. 327, 346) the court said: 1 ‘ ‘ That to entitle a residuary legatee to the benefit of a lapsed or void bequest, he must be a legatee of the residue generally, and not partially so; for, where it is manifest, from the express words of the will, that a gift of the residue is confined to the residue of a particular fund or description of property, or to some certain residuum, he will be restricted to what is thus particularly given, since a legatee cannot take more than is fairly within the scope of the gift. ’ ”
Wherever the courts have held that a lapsed gift would not pass as intestacy there has been an express provision to the contrary reflecting the testator’s intent (Matter of Foster, 174 *896 Misc. 933) or some other tokens in the will to guide the court in determining that the testator had intended to provide such other disposition (Oliver v. Wells, 254 N. Y. 451). The distributees of George E. Bennitt contend that the proviso paragraph at the end of the residuary provision indicates an intention to provide for the eventuality of the death of the remainderman before the testator. This, they claim, can be inferred by analyzing the testamentary plan and by the last paragraph which is as follows: ‘ ‘ Provided, however, that should any of my said nieces and nephews, hereinabove in Subdivision (5) of Paragraph twelfth of this my Will mentioned and named predeceased me, leaving lawful issue him or her surviving, I give, devise and bequeath the part or share to which said nephew or niece would be entitled hereunder, if living to the then living issue of such nephew and niece so dying, share and share alike, per stirpes and not per capita. Provided further, that should any of my said nieces or nephews predecease me leaving no lawful issue him or her surviving, I give, devise and bequeath his or her share to the surviving brothers and sisters of said niece or nephew so dying and to the issue of any deceased brothers and sisters of such nephew or niece equally, per stirpes and not per capita, to have, and to hold the same absolutely and forever.” It is claimed that because the testator used the word “ hereunder ” the reference was to a gift of any interest disposed of by the .will to any nephew or niece specifically mentioned and named in subdivision (5) of paragraph twelfth and not limited to the gift contained in said subdivision (5). The court cannot agree with this interpretation. The word “ hereunder ” as used in the proviso paragraph, when read in its context, has specific reference and is limited to the gifts contained in subdivision (5).
The testator’s residuary estate was not to a class, but to certain persons named; each legatee was to have a definite fractional share. In paragraph twelfth subdivision (1) wherein the trust was created for the benefit of Edward N. Bennitt the testator failed to make provision in anticipation of the failure of his nephew George Bennitt, to survive him, or to change his will, after his death. This is.a case of a contingency not provided for and the happening of which has left a portion of the residuary estate undisposed of. In Matter of Tamargo (supra, p. 228) the court said: “ The fact that an event happened, prior or subsequent to the making of the will, which, as the will may indicate or disclose, was unknown or unforseen and unprovided against by the testatrix, cannot affect the meaning of. the language used. "When the .purpose of a testator is. reasonably cle,ar by reading his .words in their natural and common sense, the *897 courts have not the right to annul or pervert that purpose upon the ground that a consequence of it might not have been thought of or intended by him. ’ ’
This court is aware of tlie cardinal rule of construction of avoiding wherever possible a resultant intestacy; however, it will not go to desperate lengths to do so. In the case at liar we have a carefully drawn will in which the testator’s intent is manifestly clear. He made provision for every contingency he desired. Where intent is readily ascertainable the court may neither infer nor detract from the will to alter such intent. It will not construct a will but will limit itself to construing the provisions of it.
The court holds that the legacy in subdivision (1) of paragraph twelfth lapsed and that the decedent made no provision in his will disposing of the corpus of the trust in the event the remainderman predeceased him. Therefore, the corpus of the trust passes as property left in intestacy and is distributable to his distributees at the time of testator’s death.
Objections having been filed to the fees of the attorneys for the trustee, the court, after having read the affidavit of services of the attorneys, fixes their fees in the sum of $1,700.
Submit decree on notice, and in accordance herewith.