John J. Dillon, S.
The proceeding is for the judicial settlement of the accounts of the successor trustee of the trust created by article “ Thirty-first” of the decedent’s will. The court is also asked to construe that article of the will together with article ‘ ‘ Fortieth ’ ’, for the purpose of determining the identity of the remainderman, the trust having now terminated.
By article ‘ ‘ Thirty-first ’ ’ of his will, the testator created a trust of certain described property, the income to be paid to his daughter, Josephine, for life, the will continuing as follows: “ and upon and after her death I direct them to hold the same during the life of my granddaughter Mary Isabella Woodcock Simpson, and to pay over the net income thereof quarterly to her during the term of her natural life, and upon her death (or, if she should die before her mother, then upon her said mother’s death) to divide the property so directed to be held in trust for her life among her lawful issue, share and share alike; but, if she should then have no such issue surviving, then I direct that the property so held in trust for her shall revert to the residue of my estate.”
The estate has been administered under the supervision of this court for a great many years. The will was made in 1886 and followed by an 1887 codicil. The testator died on March 7, 1892. The will and codicil were admitted to probate on April 8, 1892. Mary Isabella Woodcock Simpson (marriage name Mary S. Maddock), the secondary income beneficiary of the above trust, died on September 20, 1957, and thus the trust terminated 65 years after the death of its creator. Mary Isabella Woodcock Simpson left no issue. Since article “ Thirty-first ” of the will provides that in such event ‘ ‘ the property so held in trust for her shall revert to the residue of my estate ”, it is necessary also to consider the residuary clause. Article ‘ ‘ Fortieth ” is as follows: “Fortieth. All the rest, residue and remainder of my estate, real and personal, of whatsoever it *267 may consist and wheresoever it may be situated, I give, devise and bequeath to my daughter Mary A. Astor Woodcock, to have and to hold the same to her and her heirs and assigns forever, in fee simple, absolute.”
Mary A. Astor Woodcock, the residuary legatee, survived the testator but died on May 18, 1908. John Edmond Hewitt is now functioning as successor trustee of certain trusts created by her will, including a trust of her residuary estate.
The disputed question of who is entitled to the remainder of the article “ Thirty-first ” trust appears to present no great difficulty. The language of the will is perfectly plain. The trust corpus was to pass either to the surviving issue of the secondary life beneficiary, if any such issue existed at the termination of the trust, or to the residuary legatee. Since the law favors vesting (Matter of Krooss, 302 N. Y. 424; Matter of Campbell, 307 N. Y. 29), Mary A. Astor Woodcock as residuary legatee acquired a vested remainder immediately upon the death of her father. Her rights were subject to being divested only in the event that Mary Isabella Woodcock Simpson had issue surviving at the termination of the trust. That contingency did not occur, so that nothing ever impaired the vested right of the residuary legatee. (Matter of Watson, 262 N. Y. 284.) It is of no significance that the residuary legatee died many years before the dissolution of the trust. There is not a word in the will making her rights contingent upon survival beyond the life of the trust. The court therefore determines that the remainder of the trust established by article ‘1 Thirty-first ’ ’ becomes a part of the residuary estate and is therefore payable under article ‘6 Fortieth ’ ’ to the representatives of Mary A. Astor Woodcock.
It is contended that the concluding clause of article “ Fortieth ” — “ to have and to hold the same to her and her heirs and assigns forever, in fee simple absolute” — constitutes a substitutionary bequest to the heirs of Mary A. Astor Woodcock. The law is plain that these are words of limitations and not of substitution (Matter of Tamargo, 220 N. Y. 225). The gift to Mary A. Astor Woodcock was absolute. There is a suggestion also that the remainder should in some manner by-pass the estate of Mary A. Astor Woodcock, and be payable directly to the legatees named in her will. The petitioner aptly answers that ‘ ‘ distribution in this estate should be made under the will of this decedent, not under the will of some other decedent.” Distribution is therefore to be made to the successor trustee of the residuary trust created by article ‘‘ Thirty-second ’ ’ of the will of Mary A. Astor Woodcock.
*268 As to the attorneys’ fees requested Toy the successor trustee, the court has considered the following factors: It is expressly stated in the petition that compensation is now requested only for services rendered up to the time of the filing of the petition and account. The only unusual services performed in this proceeding have been in connection with the construction of the will, and as to those services, the trustee reserves the right to make a further application. The account itself covers a period of only two years. The amount requested is greatly out of proportion to the amount allowed in the last accounting in 1956. Taking into consideration the size of the trust estate and all other relevant factors, the court determines that the reasonable value of the services performed up to the time of the filing of the petition and account is $3,000.
Settle decree.