John J. Dillon, S.
The successor trustee of two trusts created by the decedent’s will has instituted this proceeding for the settlement of his accounts and for a construction of articles “ Fifth ” and “ Thirty-second ” of the will.
In article “ Fifth ” the testatrix left certain real and personal property in trust, the income to be paid to her niece, Mary Isabella Woodcock Simpson, during her life, and the principal to be paid upon the death of the income beneficiary to the latter’s surviving issue. In the event that the niece should die *270 without issue, the niece was given a general power of appointment as to one half of the remainder, and the other half was to go in equal shares to the children of the decedent’s brother, William P. Woodcock “by his present wife,” provided they have attained the age of 30 years, the issue of any child dying under 30 years of age to take the share of the deceased parent.
In article ‘ ‘ Thirty-second ’ ’ of the will, the testatrix created a similar trust out of the residue. It is not claimed that any of the slight differences in language which occur in the two articles have significance in determining the present question, and it seems to be agreed by all parties that articles ‘ ‘ Fifth ’ ’ and ‘1 Thirty-second ’ ’ are to be construed alike.
The testatrix died on May 18, 1908 and her will was admitted to probate during the following month. The niece, Mary Isabella Woodcock Simpson, married and became Mrs. John B. Maddock. She died childless on September 20, 1957, thereby terminating both trusts. Her failure of issue defeated the primary provisions for the distribution of the remainders, and requires us to look to the alternatives specified in the will disposing of the trust principal upon Mrs. Maddock’s death without issue. On the face of the will it would appear that one half of the trust remainders are to go to the person or persons appointed by Mrs. Maddock in her will, and the other one half to the surviving children of William P. Woodcock by “ his present wife.” The “ present wife ” of William P. Woodcock is identified in article “ Thirty-second ” of the will as Adelaide Tracy Woodcock, his second wife. He had had three children by his first wife and six by the second. The five surviving children of the second marriage, and the son of the sixth (deceased) child, now claim to be entitled to the whole of the corpus of both trusts. The argument is based on the proposition that Mrs. Maddock did not validly exercise the power given her by the testatrix to dispose of one half of the remainders.
Mrs. Maddock left a will which was admitted to probate by the Surrogate’s Court of New York County on April 4, 1958. In article “ Sixth” of the will she referred specifically to the power of appointment given to her by articles “Fifth” and “ Thirty-second ” of her aunt’s will in the event of her death without issue, and recited the fact that on March 26, 1943 she had caused to be recorded with the Clerk of the Surrogate’s Court, Westchester County, an instrument limiting the eligible appointees to a class consisting of her husband, her own or her husband’s descendants, and the charitable or other donees described in former sections 812 (subd. [d]) and 861 (subd. [a], par. [3]) of the United States Internal Revenue Code *271 (U. S. Code, tit. 26). She then exercised both powers solely in favor of her husband, John B. Haddock.
It is argued in behalf of the children of the second marriage of William P. Woodcock that Mrs. Haddock’s partial release of the powers of appointment was a nullity, and that consequently the powers were never validly exercised. The argument is unsound in both of its component parts. Section 183 of the Real Property Law expressly authorizes a release, in whole or in part, of any power other than an imperative power in trust. Manifestly the powers conferred upon Mrs. Haddock by the testatrix were not imperative powers in trust. Mrs. Haddock had therefore an unquestionable right to limit the powers in the manner described. But even if it be assumed that the partial release was for any reason ineffectual, it is not apparent how the general powers conferred by the testatrix would have been destroyed. The general powers would then remain in all their original force, and the exercise of such powers by Mrs. Haddock in her will would still be completely effective. The court, therefore, holds that one half of the corpus of each trust passes to John B. Haddock.
The disposition of the other one half of the remainders involves a relatively minor question. Of the six children of William P. Woodcock, 5 are still living and more than 30 years of age. The sixth child, Mary Anita A. W. Lowry, lived to be more than 30 years of age, but died before the termination of the trust. She was survived by a son, Edward F. Lowry, Jr. The court is asked to determine whether the son takes his mother’s share of the principal. Nothing in the will requires, as a condition of vesting, that any of the William P. Woodcock children should survive the income beneficiary. Their interests became vested upon the death of the testatrix. It seems clear that the testatrix intended that upon the death of any one of such children during the life of the trust, the surviving issue of such child should take the share of the deceased parent. It is true that articles “ Fifth ” and “ Thirty-second ” of the will are in this respect not artfully drawn, since the substitution of issue of a deceased parent seems to be limited to the case of a primary remainderman dying before reaching the age of 30. But, viewing the will as a whole, the court concludes that upon the death of any of the William P. Woodcock children after attaining the age of 30 but during the continuance of the trusts, the surviving issue of such child was to be substituted for the parent. It may be noted that none of the parties appearing in the proceeding has argued to the contrary. It follows that one half of the corpus of each trust is to be divided equally among *272 the five surviving children, and the child of the deceased child, of William P. Woodcock by his second marriage.
In view of the decision of this court in Matter of William P. Woodcock (Senior), decided herewith (19 Misc 2d 265), the residuary trust created by article “ Thirty-second ” of the present will must be augmented by the trust discussed in that decision. The question of trustee’s commissions, which is argued to some degree in the brief submitted in behalf of Thursia Mae Irish, is not before the court at this time. That question can be determined only when the court has been advised of the trustee’s claims with respect to commissions. It is sufficient to say at this point that, in the court’s opinion, the problem of the payment of commissions on the same fund in two estates cannot be avoided by the device of routing the trust remainder in the William P. Woodcock estate around the present estate and paying it directly, without the intervention of the trustee, into the hands of the ultimate donees.
As to the attorneys’ fees requested by the successor trustee: The present request is for compensation only up to the date of the filing of the petition and account, with a reservation of the right to make further application for services performed thereafter. It would, therefore, appear that the compensation now requested is for services exclusive of the construction question, which is the only unusual factor in the proceeding. The account covers a period of only two years. The amount requested is greatly out of proportion to the amount allowed in the last accounting in 1956. Taking into consideration the size of the trust estate and all other relevant factors, the court determines that the reasonable value of the services performed up to the time of the filing of the petition and account is $6,000.
Settle decree.