Edward M. Horey, S.
In proceedings for judicial settlement of the estate of the decedent, a construction of testatrix’ will has been requested by the administrator c.t.a. The will is short. It consists of only three paragraphs. The first paragraph directs the payment of debts and funeral expenses. The third directs the appointment of testatrix’ husband as executor. All dispositive provisions are contained in paragraph second. It provides in relevant part as follows: "second. All the rest, residue and remainder of my estate of whatsoever nature and wheresoever situate, I give, devise and bequeath to my husband, Wayne Bromley, and I will that in the event that myself and my husband die as a result of a common disaster, then, in that event, instead of my property being willed as stated hereinbefore in this will, I will that all my property, both real and personal and mixed, be given, devised and bequeathed a life use to my son, Leo Dorman, and upon his death the remainder to his son, David Dorman”.
Testatrix’ husband, Wayne Bromley, died several years prior to the testatrix. The will contains no provision for the contingency of the death of the husband prior to the wife. The dispositive provisions are limited to the single contingency of the death of the husband and the testatrix as a result of a common disaster.
The question presented is whether the residuary estate of the testatrix passes completely by intestacy to testatrix’ son, Leo Dorman, or by way of a life estate to Leo Dorman with a remainder interest to his son and testatrix’ grandson, David Dorman, under paragraph second of the testatrix’ will.
Resolution of the question turns on the construction which *113 the court gives the will. That judicial construction in turn must manifest the intent of the testatrix if ascertainable.
While the problem presented is clear, the rules applicable to its solution are not. They are beclouded in the language of the decisional law. A review is helpful.
The intention of a testator must be revealed in the language of the will. (Matter of Tamargo, 220 NY 225, 228; Matter of Nelson, 268 NY 255, 258; Matter of Fabbri, 2 NY2d 236, 240.)
If the words used in the will create and support reasonable meanings which are different, but of general equality as to persuasiveness, then recourse may be had to established rules of construction to aid in resolving the differing conclusions. (Matter of Tamargo, supra.)
Essential to the interpretation of a testator’s intent and to the application of any rules of construction to determine it, however, is the element of ambiguity. Such ambiguity must arise from the language which the testator used. If a court finds no ambiguity of testator’s intent from the words which he used, the matter is done. The words used, unaltered by any discovered and determined special sense of meaning intended by the testator, are to be read in their natural and common sense. The result which flows from according the words their natural and common meaning is the proper decision to be declared. (Matter of Tamargo, supra; Matter of Nelson, supra; Matter of Imperato, 44 Misc 2d 639, revd 24 AD2d 598, revd 18 NY2d 825.)
What courts do not have authority to do is to pervert an unambiguously phrased will into an ambiguous one because an omission may lead to an unfortunate consequence. Applicable to the instant case is the language and supporting authority of Surrogate Hildreth in Matter of Imperato (supra, p 642) endorsed and approved by the Court of Appeals on a unanimous reinstatement of the learned Surrogate’s opinion: "Where the actual language of the will is ambiguous and might be construed in two different ways, one resulting in testacy and the other in intestacy, an interpretation to avoid intestacy is favored if supported by the language used. (Matter of Hayes, 263 N. Y. 219 [1934].) But where there is simply an omission to make a disposition, and the language is clear, the court should not rewrite the will or supply the omission not necessarily implied from the language used even though intestacy results. (Matter of Disney, 190 N. Y. 128 [1907], supra; Matter of Forde, 286 N. Y. 125 [1941]; Matter of Gautier, 3 N. *114 Y. 2d 502 [1957]; Matter of Hoffman, 201 N. Y. 247 [1911].)” (Italics added.) (To same effect Matter of Tamargo, supra.)
In the opinion of the court Matter of Hardie (176 Misc 21, affd without opn 263 App Div 927, mot for lv to app den 288 NY 739) and Matter of Kajkowski (13 AD2d 994) and Matter of D’Allesandro (55 Misc 2d 909) and more recently Matter of Reichstein (78 Misc 2d 787) are not contrary to the views herein expressed nor to the decision reached. It is true that in each of the cited cases the respective courts determined that a bequest made on the expressed contingency of simultaneous death was effective even though that contingency did not occur. Nevertheless, a careful reading discloses that in each instance the court first found ambiguity in the language of the will and then an intent of the testator that a result which would follow from giving the ordinary sense to the language employed should be otherwise. In all candor it does appear that ascertainment of ambiguity and a judicially required expansion of conditions stated has been more readily determined by some courts than others. This should be credited to the human factor in the judiciary.
There can be no quarrel with a principle of law that requires that effect be given to an ascertainable intent. That is the fundamental and paramount rule in judicial construction. (Matter of Dammann 12 NY2d 500, 504.) Liberal application of that principle in particular instances of bequests made on the stated condition of simultaneous death, however, does not establish an inflexible rule that bequests made on that contingency must uniformly be construed as indicating an intent that such bequest is to be effective even though the contingency does not occur.
Here, the language of the will is as clear as it is brief. The only bequest which the testatrix made to her son and grandson was on the single condition that the testatrix and her husband die as a result of a common disaster. Concededly that condition did not occur. There was no common disaster involving the testatrix and her husband. The testatrix survived her husband by several years. No matter how many times the will is read and reread one returns to the fact that the testatrix did not make a testamentary disposition of her property except on the stated condition of a common disaster involving her and her husband. There are no other provisions of the will to which resort may be had to determine a contrary intent. This court concedes a lack of omniscience and a void of *115 clairvoyance. This leaves available only the tools of conjecture and speculation. In brief, the only way to reach the conclusion of a bequest under paragraph second is for the court to arbitrarily rewrite the testatrix’ will. This the court refuses to do.
The decision is that the will of the testatrix did not dispose of her residuary estate. Paragraph second purporting to make such disposition is held to have no testamentary effect. The residuary estate of the decedent is to be distributed as property passing in intestacy.
Submit decree in accordance with the construction which has been made.