(54 App. Div. 6.)

### BROWN v. BROWN et al.

(Supreme Court, Appellate Division, Third Department. September 11, 1900.)

WILLS—CONSTRUCTION—PARTIAL INVALIDITY.

> A testator devised his realty to his three children, share and share alike, directing that it remain intact for 10 years after his death, without disposition by the devisees, and, on the death of either of them within the term limited, that his share be distributed to the survivors. *Held*, that as a devise to devisees severally is intended, and as the direction that a deceased devisee's share go to the survivors is not so involved in the void provision prohibiting alienation as to be inseparable from it, such direction must be given effect, and hence the share of a devisee dying within ten years after testator's death passes to the survivors, and not to his descendants.

> Smith, J., dissenting.

Appeal from trial term, Ulster county.

Action by Jennie L. Brown against Annie M. Brown and another for partition of certain realty. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

John J. Linson, for appellant.

Howard Chipp, for respondents.

EDWARDS, J. There is presented for construction the fourth paragraph of the will of John Brown, deceased, which reads as follows:

"Fourth. I give, devise, and bequeath to my children, John Brown, Sebastian Brown, and Edward Brown, all of the real estate of which I shall die seised and possessed, share and share alike: providing, however, that said real estate shall remain inviolate and intact for the period of ten years from the date of my death, and that neither of my said sons shall incumber, dispose of, or sell such real property until the expiration of the time hereinbefore mentioned. And, in case of the death of any or either of my said sons previous to the said limited time, the proportionate share or shares of either or any of them shall be distributed to the living or surviving brothers; that is to say, that, if either of my said sons shall die, the proportionate share or interest. he may have in my said real property shall revert to my surviving male children, with the exception, however, that, in case my son Sebastian Brown should die, his share and interest in said real property shall descend and revert to his issue by marriage, and, if none, the same to descend to and be owned by Annie M. Brown, the wife of Sebastian, to each for their own use forever."

The will is dated August 30, 1888, the testator died October 9, 1888, and the will was admitted to probate November 27, 1888. This action for partition of the real estate mentioned in the will was begun on November 28, 1898, by the plaintiff, one of the children

and devisees of John Brown, named in the will, who died April 27, 1889. The plaintiff assailed the validity of the entire fourth paragraph, except the first clause thereof, which devised the real estate to her father, John Brown, and to his brothers Sebastian Brown and Edward Brown. The counsel agree that in the first part of this paragraph a valid devise to John, Sebastian, and Edward Brown is effected, and that the succeeding provision for keeping the property "inviolate and intact" for 10 years, and forbidding its alienation within that period, is void and should be disregarded. Here their lines of reasoning diverge, and the controversy arises out of the appellant's contention that the remainder of said paragraph is invalid and should be rejected.

In the construction of wills, it is a cardinal principle that the intention of the testator must be ascertained and must be effectuated, except so far as it is in contravention of law. The testator owned no other real estate than that mentioned in this paragraph of the will. There is no other clause under which such real estate can pass, and it was obviously his primary intention to give this property to his three sons. The subsequent conditions were secondary to that purpose. It is also a settled rule of law that effect should be given to each valid provision of a will, and, if the will contains any invalid provision, the valid should be separated from it, so far as can be done without subverting the general intention of the testator. Oxley v. Lane, 35 N. Y. 349; Harrison v. Harrison, 36 N. Y. 543; Henderson v. Henderson, 113 N. Y. 1, 20 N. E. 814. This brings us to the question whether the provision following the one for the illegal suspension of alienation should be preserved. That provision is, in substance, that, in case of the death within 10 years of either of the three sons to whom the real estate is devised, his proportionate share should go to the surviving sons, except that Sebastian's proportionate share, in case of his death within that period, should go to his children, if any, and, if none, to his wife. Is this provision invalid? I think it is apparent from the language of the will that the testator intended to devise the real estate to his sons, severally,—to give to each an undivided one-third part or share. This intent is evidenced by the language "share and share alike," "neither of my sons shall incumber," and "the proportionate share or shares of either or any of them." Everitt v. Everitt, 29 N. Y. 39; Stevenson v. Lesley, 70 N. Y. 512. I think, also, the effect of the statute (1 Rev. St. p. 727, § 44) is to make the devisees tenants in common of the real estate. Regarding this as the legal effect of the devise, the difficulty in respect to the unlawful suspension of the power of alienation disappears. It was a devise of a one-third share to each in fee, subject to being devested or reduced to a life estate by the death of the devisee within 10 years after the death of the testator. The alienation of each share was not suspended for a longer period than the life of the owner. If he survived the period of 10 years, his title became absolute; and, if he died within the 10 years, his share immediately vested in the survivors, except in the case of Sebastian, whose share vested in his children, if any, and, if none, in his wife. There could not, therefore, as to each, be

a suspension of the power of alienation for a longer period than the single life, and it might be for a shorter period. The period of the suspension of alienation was not measured by years, but by a single life. This provision was not a violation of the statute. Montignani v. Blade, 145 N. Y. 111, 39 N. E. 719; Schermerhorn v. Cotting, 131 N. Y. 48, 29 N. E. 980. This provision is not so involved in the former void provision prohibiting alienation as that it may not be readily separated from it. It does not subvert the intention of the testator, and is secondary to his main purpose to devise the estate to his three sons. If, as contended by the appellant, it is a part of the scheme to keep the property intact for 10 years, it is not an essential part; and, as it is not in itself invalid, it is the duty of the court, under the principles of law, to preserve it and to give to it its legal effect. It follows, therefore, that John, one of the sons, having died within a few months after his father, his one-third share passed, under the will, to his surviving brothers; and the plaintiff, as one of his daughters and devisees, derived no title from him. The complaint was therefore properly dismissed, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur, except SMITH, J., who dissents.