In re TAMARGO.

In re VOSSELER'S WILL.

(No. 7680.)

(Supreme Court, Appellate Division, First Department. November 12, 1915.)

1. WILLS ☞531—CONSTRUCTION—WORDS OF LIMITATION.

A will naming the beneficiaries and providing that they shall take, "their heirs and assigns, to have and to hold the same for their own use, benefit and behoof forever, share and share alike, per stirpes and not per capita," must be construed as though the words "per stirpes and not per capita" followed "assigns," before the habendum clause, since they clearly relate to the persons who shall take, and not to the quality of the estate to be taken.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1143, 1144, 1148–1152; Dec. Dig. ☞531.]

2. WILLS ☞449—CONSTRUCTION—PARTIAL INTESTACY.

The law does not favor partial intestacy, and will give effect to the intention of the testatrix to dispose of all her property, if the provisions of the will permit such a construction.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 965; Dec. Dig. ☞449.]

3. WILLS ☞775—CONSTRUCTION—BENEFICIARIES.

A devise will lapse on the prior death of the heir named, and is not saved by the words "heirs and assigns," or "share and share alike."

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1995, 1996, 2001; Dec. Dig. ☞775.]

4. WILLS ☞627—ESTATES CREATED—JOINT TENANCY.

A devise to heirs, naming them, creates a tenancy in common, unless expressly declared by the instrument to be a joint tenancy.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1452–1459; Dec. Dig. ☞627.]

5. WILLS ☞531—CONSTRUCTION—WORDS OF LIMITATION.

Where a devise in a will employs the words "per stirpes and not per capita," they are decisive against the word "heirs" being construed as a word of limitation merely, especially where such a construction would make meaningless that portion of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1143, 1144, 1148–1152; Dec. Dig. ☞531.]

Ingraham, P. J., and Scott, J., dissenting.

Appeals from Surrogate's Court, New York County.

Judicial settlement of the proceedings of Caroline M. Tamargo, as administratrix with the will annexed of Gertrude Vosseler, deceased. From a surrogate's decree (89 Misc. Rep. 674, 152 N. Y. Supp. 208) that a bequest and devise to Mrs. Helbig (erroneously named Helbusch in the will) had lapsed, and passed to the heirs and next of kin of testatrix as intestate property, Annie Miller and Edward Bourdet, and the special guardian of William Bourdet, separately appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Grenville Clark, of New York City (Silas .W. Howland, of New York City, on the brief), for appellants Miller and Bourdet.

J. Robert Robin, special guardian, pro se.

Arthur Butler Graham, of New York City, for respondent administrator c. t. a.

Wm. Duncan Cameron, of New York City, special guardian, pro se.

Benjamin E. Messler, of New York City, for respondents Manke and others.

LAUGHLIN, J. [1] The will was executed on the 25th day of March, 1911, and the testatrix died two days thereafter. The first paragraph of the will directs the payment of debts, funeral expenses, and expenses of administration, and the second makes bequests to two individuals named, who are designated "friends" of the testatrix, and these bequests were to them, "to have and to hold the same for their own use, benefit and behoof forever, share and share alike." By the third paragraph she devised and bequeathed the rest, residue, and remainder of her property by provisions as follows:

"Unto the following named persons, viz.: My brother-in-law Jacob Vosseler, my niece Lena Damarco née Meixner, my sister-in-law Mrs. Helbusch née Vosseler, and my sister-in-law Mary Vosseler, the two last named being residents now or late of the city of New Orleans, La., their heirs and assigns, to have and to hold the same for their own use, benefit and behoof forever, share and share alike, per stirpes and not per capita."

It is perfectly plain that these provisions are to be construed precisely as if the words "per stirpes and not per capita" followed "assigns" before the habendum clause, for they clearly relate to the persons who are to take, and not to the quality of the estate to be taken. The will contains no other devise or bequest.

[2] It will be observed that the phraseology in the third paragraph differs materially from that in the second, and that there is here manifested a plain intention that all the property here devised and bequeathed should go to the relatives of the husband of the testatrix, from whom appellants offered to show she received the property, and to no one else, and she evidently believed that she had effectually disposed of it. The law does not favor a construction which will cause partial intestacy, and the intention of the testatrix to dispose of all her property must be given effect if the provisions of the will are susceptible of a construction which will accomplish that purpose. Schult v. Moll, 132 N. Y. 122, 30 N. E. 377; Tyndall v. Fleming, 123 App. Div. 837, 108 N. Y. Supp. 239; Terry v. Wiggins, 47 N. Y. 512; Norris v. Beyea, 13 N. Y. 273; Mrs. Helbig died in New Orleans in the year 1905, leaving as her sole heirs two daughters, the appellant Miller and Catherine Bourdet, both of whom survived the testatrix; but Catherine subsequently died, leaving no husband, but two sons, the appellants Bourdet, her sole heirs at law. It does not appear whether Mrs. Helbig resided in New Orleans, but her daughter Catherine resided and died there in 1912. There is no evidence other than the provisions of the will with respect to whether the testatrix, at the time she made the will, was aware of the fact that Mrs. Helbig had died.

[**3, 4**] The learned surrogate, in construing the will, has given no force or effect to the words "their heirs and assigns, to have and to hold the same for their own use, benefit and behoof forever, share and share alike, per stirpes and not per capita." If the will is to be construed as if those words had been omitted, manifestly his construction is right, for such a devise or bequest to one who is dead lapses, and it would not be saved by the words "heirs and assigns," or "share and share alike" (Matter of Wells, 113 N. Y. 396, 21 N. E. 137, 10 Am. St. Rep. 457; Everitt v. Everitt, 29 N. Y. 39, and Brown v. Brown, 54 App. Div. 6, 66 N. Y. Supp. 218); and it could not go to those who take the other three-fourths, either on the theory that it was a devise and bequest to a class, or as joint tenants, for our statute declares such a devise to create a tenancy in common, unless expressly declared by the instrument to be a joint tenancy, which is not the case here (Matter of Kimberly, 150 N. Y. 90, 44 N. E. 945; Matter of Hoffman, 201 N. Y. 247, 94 N. E. 990).

[**5**] It was stipulated that Mrs. Helbig was not the daughter nor a descendant of the testatrix, and not within the statute, which at that time had only changed the common-law rule as to them. Section 29, Decedent Estate Law (Consol. Laws, c. 13), being chapter 18, Laws 1909. It may be that the testatrix was in doubt whether her sister-in-law was alive at the time the will was made, and, if so, that would account for the phraseology employed; but, assuming that she supposed her sister-in-law was then living, and charging her with knowledge of the law that in the event that the sister-in-law predeceased her the legacy would lapse, and that in the event the sister-in-law survived her the bequest and devise would at once become absolute, and that the heirs of the sister-in-law could neither have nor take any interest under the will, still it was entirely competent for the testatrix to provide that, in the event that her sister-in-law predeceased her, she desired that the heirs of the sister-in-law should take, and that they should take per stirpes and not per capita. The use of the words "per stirpes and not per capita" are decisive against the words "heirs" being construed as words of limitation merely. Jarman on Wills (6th Ed.) 1321. It is far more reasonable in my opinion to attribute to the testatrix this intention, and to give her will that construction, than to hold that the attorney she employed to draft her will inserted this clause through incompetence and without accomplishing anything thereby. The clause is appropriate to indicate this meaning, and the words employed with respect to a taking per stirpes and not per capita are wholly inappropriate on any other theory.

There appears to be no controlling authority in this jurisdiction, but I think this construction is supported by decisions in other jurisdictions and by eminent text-writers. See Dick v. Lacy, 8 Beav. 214; Atherton v. Crowther, 19 Beav. 488; Rotmanskey v. Heiss, 86 Md. 633, 39 Atl. 415; Pearson v. Stephen, 5 Bli. (N. S.) 203; Jarman on Wills (6th Ed.) 1321; Page on Wills, § 532. In Dick v. Lacy, supra, the words "per stirpes" were deemed controlling with respect to the construction of a gift after a prior life estate "to the daughters of Captain Boyce and their descendants per stirpes, to hold to them their

heirs and assigns forever." It was held that the heirs of a daughter of Captain Boyce, who died before the termination of the life tenancy, took by substitution the share that their mother would have taken, had she lived until the termination thereof, and this was placed upon the use of the words "per stirpes," without which, the court said, it would have been necessary to construe the words "heirs" and "assigns" as words of limitation, and that the heirs of the daughter, dying before the termination of the life tenancy, would have taken nothing.

In my opinion, therefore, the learned surrogate erroneously construed the will. It follows that the provisions of the decree, from which the appeals are taken, should be reversed, with separate bills of costs to appellants appearing separately, and the decree should be modified in accordance with these views.

McLAUGHLIN and CLARKE, JJ., concur. INGRAHAM, P. J., and SCOTT, J., dissent, and vote to affirm on the opinion of the surrogate.