S. Samuel Di Falco, S.
Helene Walter, one of the three residuary legatees, predeceased the testatrix. She was related to the testatrix by marriage, and the legacy, not being within the scope of section 29 of the Decedent Estate Law, will have lapsed unless the testatrix has, by implication, made a substitutional gift to the issue of Mrs. Walter. The accounting executor requests a construction of the will in this respect. The daughter of the deceased legatee and the distributees of the testatrix take opposing positions on the question.
*153 The will is relatively short. The first three paragraphs relate to revocation of prior wills, payment of debts and expenses, and the burial of the testatrix. The fourth paragraph makes specific bequests to a niece who is also a residuary legatee. Paragraph fifth and sixth read as follows:
“ 5. All of the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situate, I hereby give, devise and bequeath in the following proportions to the following persons per stirpes:
“ a. Fifty (50%) per cent thereof, to my niece, Emma Susie Elias, daughter of my sister, "Walburga Doering.
“ b. Twenty Five (25%) per cent thereof to Helene "Walter, sister of my husband Martin.
“ c. Twenty five (25%) per cent thereof to Helmuth Burggraf, nephew of my husband Martin.
“ 6. I specifically make no provision in this will for my brothers and sisters who may survive me and my failure to make such provision is not due to any oversight.”
The distributees argue that the portion of the residue bequeathed to Helene Walter passes as intestate property to the surviving sister of the testatrix, her two surviving brothers and the representatives of another sister who survived the testatrix but died recently. The sole daughter of Helene Walter contends that the words “ per stirpes ” were intended by the testatrix to mean that the issue of any legatee who predeceased her should take by representation the share originally bequeathed to that legatee.
Except insofar as the rule is modified by statute (Decedent Estate Law, § 29), the death of a legatee prior to the testator causes the legacy to lapse, unless the testator manifests an intention that in such event one capable of taking the legacy be substituted as legatee. Usually the substitution is explicitly provided. It may nevertheless be accomplished by implication. The words which most frequently support the implication of intent to make a substitutional gift, are such words as “or to his heirs ”, or words of similar import. (See 4 Page on Wills, § 1420; 78 A. L. R 992; 128 A. L. R. 94; 11 A. L. R. 2d 1387.) The very same words are ordinarily .used to describe the nature of the estate which is given as well as to indicate the alternates to whom it is given. Hence the use of such words generally presents a question as to whether they were intended to be Avords of substitution which would prevent a lapse of the legacy or words of limitation. (Matter of Wells, 113 N. Y. 396; Matter of Tamargo, 220 N. Y. 225; Matter of Thompson, 279 N. Y. 131.) The use of the disjunctive word “or”, rather than the con *154 junctive “ and ”, has significance (Matter of Thompson, supra, p. 135; Matter of Evans, 234 N. Y. 42, 45), and the nature of the property which is the subject matter of the gift might lend additional color to the words (Matter of Evans, supra, p. 46). In the final analysis, however, the question whether such terms are those of limitation or of substitution “ is one of intention to be gathered from the whole will, with context and cognate gifts shedding light upon the meaning.” (Matter of Evans, supra, p. 45.)
The cases involving substitutional gifts by the bare use of the words “ per stirpes ” are more rare. In Matter of Tamargo (220 N. Y. 225, supra) the residue of the estate was bequeathed to four named persons, ‘1 ‘ their heirs and assigns, to have and to hold the same for their own use, benefit and behoof forever, share and share alike, per stirpes and not per capita. ’ ’ ’ (P. 227.) One of the four predeceased the testatrix, leaving issue. The Appellate Division had construed the will as if the words “per stirpes and not per capita” had followed immediately the word “ assigns ” and appeared just before the habendum clause. As thus rearranged, the Appellate Division thought that these words “ clearly relate to the persons who are to take and not to the quality of the estate to be taken.” (Matter of Tamargo, 170 App. Div. 10, 12.) The Court of Appeals recognized that it was the presence of the words “ ‘ per stirpes and not per capita’” which brought the case to the highest court (Matter of Tamargo, 220 N. Y. 225, 230, supra), but, nevertheless, it could not attribute to these words the meaning given to them by the lower court. To do so, it believed, would require a substantial rewriting of the whole clause with deletions, insertions and transposition of words. These words, said the Court of Appeals, “ are technical Latin words and their context and place, following immediately upon the words ‘ share and share alike, ’ forcefully indicate that. neither the scrivener nor the testatrix knew their true legal significance. They are inapplicable to the word ‘ assigns.’ They are in the habendum clause, the function of which is, not to bequeath or devise, but to define the title and tenure of the legatee or devisee constituted such by the direct words of a gift. While a court may transpose a phrase of a will, as the Appellate Division has undertaken in this case, there must be something in the will which makes it clear and certain that the meaning and expressed intention of the testatrix necessitate the transposition.” (P. 231.) Thus, despite the difference in the result reached in the two courts, both courts recognized the force of the term “ per stirpes” as indicative of substitution or representation unless the context robs them of that meaning.
*155 In Matter of Ginsburg (102 N. Y. S. 2d 827) the testator divided his residuary estate among his descendants, giving half to one daughter, a quarter to a second daughter and the remainder to grandchildren. The Surrogate determined that “ The gift to each of the daughters ‘ and her issue per stirpes ’ was intended to save such gift from lapse in the event of either daughter predeceasing testator. This intention becomes clear by reading the word ‘ and ’ as 1 or ’, which is permissible to sustain testator’s intent.” (P. 829.) The same result was reached by Judge Yakdebmettlex in Matter of Fedders (187 Misc. 207, 216) where he construed a gift of a remainder to three named brothers and two named sisters ‘1 per stirpes and not per capita ”. He held that “ the testator has directed by the words ‘ per stirpes ’ that the principal go to the descendants of the deceased brother ”. It is true that a contrary construction was made at Special Term in a related case (Matter of Fedders, 187 Misc. 201), but there the court found the gift of the remainders to have vested indefensibly in the brothers and sisters, and it did not regard the quoted words as sufficient to make the remainders contingent.
In the case now before the court there are none of the complications in the text which caused the difference of judicial opinion in Matter of Tamargo (supra). This testatrix has given the entire residue 1 ‘ to the following persons per stirpes ’ ’. The words ‘ ‘ per stirpes ’ ’ could not have been intended to describe the manner of division of the residue or to indicate the nature of the estates given. In each of the three separate subdivisions the legatee was named, his or her particular relationship to the testatrix stated, and the portion that each was to take was clearly and plainly specified. The percentage that each was to take is not subject to enlargement or diminution by any extrinsic factors. Therefore, the words “per stirpes” have significance in this will only if they mean that the descendants of the named legatee are to take by representation if the one first named should fail to survive the testatrix. A distribution “ per stirpes” means that the principle of representation applies (3 Page on Wills, p. 267), and the term must have been used in this will in that very sense or else it must be regarded as having no function and no meaning at all. “ Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant.” (Matter of Buechner, 226 N. Y. 440, 443.)
Further significance is given to these words by the text of the sixth paragraph of the will wherein the testatrix plainly stated her intention to make no gift of her property to any of *156 her brothers and sisters who survived her. Such a provision is, of course, not sufficient to deprive them of an intestate share if in fact the testatrix omitted to dispose effectively of her property. They indicate, however, the testatrix’ belief that she had effectively disposed of all of her property. She has effectively bequeathed all of her property if we give the words 1 ‘ per stirpes ” their ordinary meaning of representation of an ancestor by his descendants. She has not effectively done so if we strike those words from her will as meaningless. It is patent that in such circumstances, excision cannot be justified.
The court holds, therefore, that the daughter of Helene Walter is entitled to the share bequeathed in subdivision b of paragraph 5.
Submit decree on notice construing the will and settling the account accordingly.