S. Samuel Di Falco, S.
In this, proceeding to settle its account the trustee has requested instructions as to the distribution of the balance remaining in its hands constituting the principal of the trust created by the testator under paragraph Fifth of his. will and for Construction of the said paragraph Fifth so ais to determine the remaindermen entitled to take *939 thereunder. The clause Sought to be construed reads as follows: “fifth: — I give and bequeath to my Trustee hereinafter named the sum of Fifty Thousand (50,000.) Dollars, in trust, nevertheless, for the following uses 'and purposes: To invest and reinvest the same in good interest bearing securities, to collect the rents, issues and profits thereof, and during the lives of my son, orson kilborn, and my wife, clara julia kilborn, to apply the Income thereof, and so much of the Principal as may be necessary to produce with the said Income the sum of Five thousand (5,000.) Dollars a year, to the use of my said son, Orson Kilborn, during his life, and upon bis death to the use of my wife, Clara Julia Kilborn, during her life, and upon the death of both my said son and my said wife, to assign, transfer and pay over the Principal of the Trust Estate, or so much thereof as may then remain in the hands of the Trustee, to. the issue of my said said son, in equal shares, per stirpes and not per capita, or in case there should be no such issue of his, then living, to my nieces and nephews and the nieces and nephews of my said wife then surviving, in equal shares, per stirpes and not per capita.”
Two basic questions have been presented. The first is to determine whether any part of the principal in the hands of the trustee belongs to the residuary estate of the testator and as such is distributable to the estate of the residuary legatee and not to the remaindermen. This question is raised because of a decision by 'Surrogate O’Brien in a prior construction and (accounting proceeding in this court (Matter of Kilborn, N. Y. L. J., Nov. 13, 1930, p. 803, col. 2). However, the Appellate Division reversed the decision of Surrogate O’Brien on jurisdictional grounds and as a result the question is now before this court de novo (Matter of Kilborn, 232 App. Div. 580). The facts as. they exist today are as follows: During the life of the trust and in order to pay out the annual minimum sum of $5,000 to the testator’s son, the trust principal was invaded to the extent of approximately $34,000. The principal of the trust now available for distribution is $125,000. It is the contention of the repr esentatives of the estate of the residuary legatee that the increment to the principal of the trust should be distributed to the estate of Clara Julia Kilborn as the residuary legatee named in the testator’s will. The court can find no basis for agreement with that contention. While the trust when created was in the sum of $50,000 there is n!o indication that it was the testator’s intent to limit the size of the trust to that amount after its creation. On the contrary, the trustee is specifically *940 directed to invest -and reinvest the funds in good interest bearing securities and to collect -the rents, issues- and profits thereof during the life of -his son and wife and to apply the income and so much of the principal as might he required to pay $5,000 per annum, to his son.
This direction to the trustee is a clear indication that the testator knew that the principal of the trust fund might be enhanced. Indeed it can be assumed that the testator hoped that by judicious investment the fund would last for the duration of bis son’s life ‘and that there might be a balance remaining for distribution to remaindermen. The fact that the principal of the trust due to this country’s constantly growing and expanding economy is now larger than the original trust is not an uncommon thing and is no reason for changing or twisting the plainly expressed intent of the testator which was “ to * * * pay over the Principal of the Trust Estate or so much thereof as may then remain in the hands of the trustee * * * to my nieces and nephews1 ”. The entire trust principal in the hands of the trustee is therefor now distributable to the remaindermen named in the said -trnst provision. (Matter of Low, 232 App. Div. 414, affd. 257 N. Y. 613.)
The second question of construction now arises. Who are the remaindermen among whom the trust principal is to he divided? In the construction of wills, we have been constrained never to ignore any language where -some meaning and intent can be given to them. “ Words 'are never to be rejected as meaningless or repugnant if by any reasonable construction they may he made consistent and significant.” (Matter of Buechner, 226 N. Y. 440, 443.) The nieces and nephews are the children of his and his wife’s brothers and sisters and an intent is disclosed in the will that they would he the natural objects of his bounty 'after the death of his wife, son and immediate descendants. At present there are alive eight nephews and nieces of the testator and his wife 'and two -grandnephews, children of a deceased nephew of the testator. The words “ to my meces and nephews and the nieces and nephews of my said wife then surviving, in equal shares, per stirpes 'and not per capita ” may be possible of more than one interpretation, but the testator in his will used the same phraseology in disposing of the remainder of one other trust in disposing of the remainder of bis residuary estate. The testator had a logical testamentary plan and his use of the words per stirpes cannot be ignored. By the use of these words in the residuary clause the testator disclosed his intention to make a gift to his and ¡his wife’s nieces and nephews *941 and by substitution or representation to the descendants of his and his wife’s nieces and nephews; in other words to any grandnephews or grandnieces whose parent (nephew or niece) had predeceased the life tenant (Matter of Burggraf, 12 Misc 2d 152; Matter of Tamargo, 220 N. Y. 225; Matter of Ginsburg, 102 N. Y. S. 2d 827). The same intention is disclosed by the use of the words per stirpes in the paragraph sought to be construed. The court, therefore, finds that the trust principal should be divided into nine equal parts and that eight of such parts should be distributed to the living nieces and nephews of the testator and his wife 'and that the other of such parts should be distributed equally to the issue of the testator’s deceased nephew.
Submit decree on notice construing the will and settling the account accordingly.