■ In the Matter of the Estate of DENNIS MIRONOWICZ, Deceased. KEY TRUST COMPANY, Formerly NATIONAL COMMERCIAL BANK & TRUST COMPANY, as Trustee of the Estate of DENNIS MIRONOWICZ, Deceased, Respondent; SYLVESTER LABANOWSKI et al., Appellants. — Appeal from a decree of the Surrogate's Court of Rensselear County (Travers, S.), entered April 28, 1982, which construed paragraph "Third" of decedent's will so that the gift to Ida Bromirski did not lapse. In paragraph "Third" of his will, Dennis Mironowicz provided for a trust, with income for life to his wife and son and, upon both their deaths, the corpus to go "to Sylvester Labanowski, Leonard Labanowski, Ida Bromirski, Rosella Sprague, Genevieve Borski and Pauline Wiater, in equal shares, per stirpes". The testator died on May 6, 1967. Ida Bromirski, one of the residuary remaindermen, though alive at the time the will was executed, predeceased the testator. Upon the death of testator's wife and son, the question arose whether the gift to Ida Bromirski lapsed at her death or was a gift over to her heirs. The Surrogate construed the phrase "per stirpes" in paragraph "Third" to demonstrate the testator's intent to provide for a substitute gift to the heirs of a remainderman who predeceased the testator. Respondents, the living remaindermen named in the will, appeal that construction. A gift to a beneficiary who predeceases the testator lapses unless the beneficiary was the testator's issue, brother or sister, or the testator provided in the will for a substitutional gift (EPTL 3-3.3, subd [a], par [1]). Ida Bromirski and the other five remaindermen named in paragraph "Third" were testator's cousins, not his issue, brothers or sisters. The will does not expressly provide for a substitute disposition in the event of a beneficiary's dying before the testator; however, in appropriate circumstances substitution may be accomplished by implication (*Matter of Burggraf,* 12 Misc 2d 152, 153). To determine whether it was implied here, we must examine the entire will and try to determine the testator's intent (*Matter of Kosek,* 31 NY2d 475, 483). In such an examination, two things in this carefully drawn will stand out. Paragraph "Second" makes specific bequests of $500 to each of testator's six cousins "if living at the date of my death". This survival language is not used in the residuary clause; there, instead, the dispositions to the same six cousins/remaindermen are made "per stirpes". The phrase "per stirpes" means that "the heirs of representatives of one previously deceased, who would have taken if alive, will take by the right of their ancestor" (3 Page, Wills, p 267). Respondents argue that this phrase

should be totally disregarded here as meaningless and only inserted by ignorance or mistake. Words should not be considered meaningless, however, if by any reasonable construction they are consistent and significant; excision is a desperate remedy, to be used only as a last resort (*Matter of Buechner,* 226 NY 440, 443).* Here, the six residuary remaindermen were given "equal shares" of testator's residuary estate, i.e., one sixth each, and were vested at testator's death; therefore, the phrase "per stirpes" cannot be said to describe the manner of division of the residue or the nature of the estates given (*Matter of Burggraf,* 12 Misc 2d 152, 155, *supra*). "Per stirpes" has sometimes been sufficient to imply a gift over to heirs of a predeceased remainderman (*Matter of Burggraf, supra; Matter of Fedders,* 187 Misc 207), and in the instant case, that is the only possible meaning these words could have. Therefore, on the basis of the use of "per stirpes" in paragraph "Third" and the lack there of the specific survival language used in paragraph "Second", we find that the testator clearly intended to leave his residuary estate to his six cousins or, by representation, to their descendants. And, thus, the gift to Ida Bromirski did not lapse. *Matter of Tamargo* (220 NY 225), relied upon by respondents, is distinguishable. Although the will under consideration in that case also contained "per stirpes" language in its residuary clause, it contained other language in that clause consistent with an absolute gift (which would lapse), and thus there was no way to construe this will without exercising one of the two conflicting phrases. Furthermore, the *Tamargo* will apparently contained no other indications of its testator's intent such as the survival language used here in paragraph "Second" and omitted in paragraph "Third". *Matter of Burggra* (*supra*) is more nearly on point with the instant case; that will clarified the ambiguous use of "per stirpes" in its residuary clause by clear indications of its testator's intent elsewhere in the will. For all of the foregoing reasons, the decree of the Surrogate's Court should be affirmed. Decree affirmed, with costs to petitioner, payable out of the estate. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

* Although not briefed, at oral argument respondents suggested that the phrase in question could have been inserted to direct that the gifts to remaindermen surviving the testator did not become divested by a remainderman's predeceasing the life tenants, but would instead go to such remainderman's heirs. This interpretation would still render the "per stirpes" language meaningless surplusage, however, since the same result would obtain without that language (see *Matter of Nedham,* 192 App Div 170; 35 NY Jur, Life Estates, Remainders, and Reversions, § 70, p 302).