■ In the Matter of the Estate of JAMES E. NASH, Deceased. STEPHEN E. NASH, Appellant; JAMES R. NASH, Respondent.— Casey, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a decree of the Surrogate's Court of Dutchess County (Benson, S.), entered July 3, 1990, which construed the language of paragraph "first" of decedent's last will and testament.

In this will construction case, petitioner contends that only a life estate was created by the dispositional paragraph of decedent's will, which provides as follows: "First, after my lawful debts are paid, I give my house * * * to my son, James R. Nash, for his own use forever." Accepting petitioner's argument that the phrase "for his own use" evinces an intent

to give a life estate, the inclusion of the word "forever" evinces an intent that the devise not be limited to a life estate. We reject petitioner's argument that the word "forever" is superfluous and adds nothing to the devise. As Judge Cardozo explained in *Matter of Buechner* (226 NY 440, 443), "Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant". *(See also, Matter of Mironowicz,* 90 AD2d 876, 877.)

The case of *Matter of Smith* (90 AD2d 905, *affd* 60 NY2d 864), relied upon by petitioner, is readily distinguishable because the devise therein specifically referred to "the life use of my residence" and did not include the word forever. Because the intent to pass a lesser estate or interest does not appear in this case by the express terms of the devise or by necessary implication therefrom, the devise passed all of the estate or interest of decedent *(see,* Real Property Law § 245). The decree should, therefore, be affirmed.

Weiss, Levine, Mercure and Harvey, JJ., concur. Ordered that the decree is affirmed, with costs.